UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| MARICRUZ HERRERA LOPEZ, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:18-cv-170 |
| v. ) | |
| ) | Judge Mattice |
| TAMMY WALKER, d/b/a ) | Magistrate Judge Guyton |
| AMERICAN MADE APPAREL ) | |
| ) | |
| *Defendant.* ) | |

# ORDER

Before the Court are Plaintiffs' Motion for Default Judgment as to Tammy Walker (Doc. 9) and Motion for U-Visa Certification (Doc. 10). In the Complaint, Plaintiffs allege violations of the Victims of Trafficking Protection Act ("VTPA") and Fair Labor Standards Act ("FLSA"), as well as state law breach of contract, unjust enrichment, fraud, and conversion. (Doc. 1, 9-15). Plaintiffs are undocumented residents of this judicial district and former employees of Defendant Tammy Walker, d/b/a American Made Apparel. (*Id.* at ¶¶ 15-17). Plaintiffs allege Defendant exploited their undocumented status to coerce them to continue working in unsafe and unsanitary conditions and that she owes them unpaid wages. (Doc. 1, ¶¶ 18, 20-22). In connection with these allegations, Plaintiffs assert they have assisted in the investigation or prosecution of Defendant's criminal wrongdoing and ask the Court for U Visa certification based on this assistance. Based on the Report and Recommendation of Magistrate Judge H. Bruce Guyton (Doc. 29), the Court will grant in part and deny in part the Motion for Default Judgment as to Tammy Walker (Doc. 9). The Motion for U-Visa Certification (Doc. 10) will be denied.

## I. MOTION FOR DEFAULT JUDGMENT

On July 6, 2018, Plaintiffs moved for default judgment against Defendant on their FLSA and VTPA claims. (Docs. 8, 9). The Court referred the Motion to Magistrate Judge H. Bruce Guyton. (Doc. 14). After an evidentiary hearing on damages, the Magistrate Judge issued his Report and Recommendation. (Doc. 29). Neither party has filed an objection to the Report and Recommendation, despite being cautioned that failure to do so within 14 days would waive any right to appeal. (*Id.* at 29 n.4); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Nonetheless, the Court has reviewed the Report and Recommendation, as well as the record, and agrees with Magistrate Judge Guyton's well-reasoned conclusions. The Court will accept and adopt the findings of fact and conclusions of law set forth in the Report and Recommendation and grant in part and deny in part Plaintiffs' Motion for Default Judgment as to Tammy Walker, awarding damages as set forth in § III, below.

## II. MOTION FOR U-VISA CERTIFICATION

The U Nonimmigrant visa classification was created to encourage "the reporting of crimes to law enforcement officials by trafficked, exploited, victimized, and abused aliens who are not in lawful immigration status." *Villegas v. Metro. Gov't of Nashville*, 907 F. Supp. 2d 907, 909 (M.D. Tenn. 2012) (*quoting* Victims of Trafficking and Violence Protection Act of 2000, PL 106-386, Oct. 28, 2000, 114 Stat 1464). Under 8 U.S.C. § 1101(a)(15)(U), a nonimmigrant alien is eligible for a U Visa if she (i) has suffered substantial physical or mental abuse as a result of being the victim of qualifying criminal activity; (ii) has information concerning qualifying criminal activity; and (iii) has been

helpful, is being helpful, or is likely to be helpful to, *inter alia*, a Federal, State, or local law enforcement official, prosecutor, or judge; and (iv) the qualifying criminal activity violated the laws of the United States or occurred in the United States. 8 U.S.C.A. § 1101(a)(15)(U)(i). "Criminal activity" that qualifies a victim thereof for a U Visa includes, *inter alia*, trafficking and involuntary servitude. 8 U.S.C.A. § 1101(a)(15)(U)(iii). An application for a U Visa must include a certification that the non-immigrant alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of the criminal activity. 8 U.S.C.A. § 1184(p)(1). The certification must be made by "a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in section 1101(a)(15)(U)(iii) of this title." *Id.*

Here, Plaintiffs allege they have suffered substantial physical and mental abuse as a result of being victims of involuntary servitude. (Doc. 11 at 9-10). They contend they have been helpful in the investigation and prosecution of Defendant's purported criminal conduct by bringing this lawsuit and alerting the FBI to their allegations. (*Id.* at 11). The Court has not ruled on the merits of Plaintiffs' claims, is not presiding over a criminal prosecution of Defendant, and is not aware of any ongoing criminal investigation or prosecution. Under these circumstances, it is not appropriate for this Court to issue the requested certifications to support Plaintiffs' U Visa applications.

Unlike other entities authorized to issue such certifications, a federal judge does not prosecute or investigate crimes. *See Agaton v. Hosp. & Catering Servs., Inc.*, No. 11-1716, 2013 Wl 1282454, *3 (W.D. La. March 28, 2013) ("[T]he regulations reproduce the dissonance found in the statute-a federal judge has authority to certify despite the fact that federal judges neither prosecute nor investigate crimes."). Though the statute clearly

3

authorizes a federal judge to issue a U Visa certification, district courts disagree on whether it is appropriate to do so in a civil proceeding. *See Baiju v. U.S. Dep't of Labor*, No. 12-cv-5610, 2014 WL 349295, 19 (E.D.N.Y. Jan. 31, 2014) (collecting cases). Plaintiff relies on *Villegas v. Metropolitan Government of Nashville*, 907 F. Supp. 2d 907, 909 (M.D. Tenn. 2012), in which the court granted precisely such a motion. However, in *Villegas*, the plaintiff had already obtained summary judgment on the merits of her Fourteenth Amendment claim and established sufficiently serious injury that a jury awarded her $200,000. *Id.* at 911-12.

In contrast, in *Agaton v. Hospitality & Catering Services, Inc.*, the plaintiffs moved for default judgment on their FLSA claims and requested U Visa certification from the district court. 2013 Wl 1282454 at *1. The court denied the motion, finding "the regulations... do not allow certification by a federal judge when that judge has no responsibilities regarding any pending investigation or prosecution of the qualifying crime." *Id.* at *4. The court read the regulations to "contemplate that some investigation or prosecution must have begun before certification." *Id.* Because the court was not presiding over any criminal matter related to the defendant and there was no indication of an ongoing criminal investigation, the court denied the motion. *Id.* at *2.

The circumstances of this case are more akin to those in *Agaton* than *Villegas*. There has been no litigation or adjudication of the merits of the dispute. The only evidentiary hearing related to damages. The Court is not presiding over a criminal prosecution of Defendant, and there is no indication in the record that such an investigation or prosecution is ongoing.[1] The Court need not reach the question of

---

[1] In its response to the Motion, the Government states a search warrant was executed at Defendant's residence on February 14, 2018. (Doc. 13 at 1). The warrant was issued following a "safety check" of the

whether issuance of a U Visa certification is ever appropriate in a civil proceeding. In this case, the Court simply lacks the knowledge required to make such a certification, requiring denial of the Motion.

Finally, even were the Court willing to issue a U Visa certification on such sparse facts, the Magistrate Judge's Report and Recommendation casts serious doubt on whether Plaintiffs have shown they were subject to "substantial" abuse. Whether abuse is "substantial" depends on: (i) the nature of the injury, (ii) the severity of the perpetrator's conduct; the severity of the harm, (iii) duration of the infliction of harm, and (iv) the extent to which there is permanent or serious harm to appearance, health, or physical or mental soundness of the victim. *See* 8 C.F.R. § 214.14(b)(1). Based on Plaintiffs' testimony, Magistrate Judge Guyton found "little detail" to support Plaintiffs' claims of mental anguish. (Doc. 29 at 26). The Magistrate Judge therefore recommended emotional distress damages under the VTPA be awarded in the amount of $2,000 for each Plaintiff except Plaintiff Jacuinde,[2] significantly below the $10,000 requested. (*Id.*). No party objected to this finding and it strongly undermines Plaintiffs' contention they suffered substantial abuse within the meaning of the statute.

### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in Magistrate Judge Guyton's Report and Recommendation (Doc. 29);

---

American Made Apparel premises and was based on suspected violations of Tennessee laws against trafficking for forced labor or services. (*Id.*). It is not clear if any of these events relate to Plaintiffs' efforts.

[2] Plaintiff Jacuinde testified she did not experience mental anguish as a result of Defendant's actions, and therefore is not entitled to emotional distress damages. (Doc. 29 at 27).

2) Plaintiffs' Motion for Default Judgment as to Tammy Walker (Doc. 9) is **GRANTED IN PART AND DENIED IN PART** and Defendant is adjudged liable for violating the Fair Labor Standards Act and Victims of Trafficking Protection Act;

3) Judgment in the total amount of $53,454.02, plus post-post judgment interest, is awarded to Plaintiffs as follows:

   a. Plaintiff Alfonso is awarded $1,548.51 for unpaid wages, $1,548.51 for liquidated damages, and $2,000 for mental anguish, for a total amount of $5,097.02;

   b. Plaintiff Jacuinde is awarded $2,981.25 for unpaid wages and $2,981.25 in liquidated damages, for a total amount of $5,962.50;

   c. Plaintiff Cinto is awarded $1,761.75 for unpaid wages, $1,761.75 in liquidated damages, and $2,000 for mental anguish, for a total amount of $5,523.50;

   d. Plaintiff Pedro is awarded $2,398 for unpaid wages, $2,398 in liquidated damages, and $2,000 for mental anguish, for a total amount of $6,796;

   e. Plaintiff Hernandez is awarded $2,067 for unpaid wages, $2,067 in liquidated damages, and $2,000 for mental anguish, for a total amount of $6,134;

   f. Plaintiff Yanez is awarded $2,257.50 for unpaid wages, $2,257.50 in liquidated damages, and $2,000 for mental anguish, for a total amount of $6,515; and

   g. Plaintiff Lopez is awarded $7,713 for unpaid wages, $7,713 in liquidated damages, and $2,000 for mental anguish, for a total amount of $17,426;

4) Plaintiffs are awarded their attorney's fees and expenses;

5) Plaintiffs are directed to file a Bill of Costs in accordance with the Local Rules of this Court; and

6) Plaintiffs' Motion for U Visa Certification (Doc. 10) is **DENIED**.

**SO ORDERED** this 26th day of February, 2019.

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE